UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PLAQUEMINES PARISH SCHOOL BOARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7663** |
| **ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. AND BRADLEY J. JOHNSON** | **SECTION "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **DENIED.** (Rec. Doc. 3).

### BACKGROUND

Plaintiff, Plaquemines Parish School Board ("PPSB"), filed suit in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana against defendants, Arthur J. Gallagher Risk Management Services, Inc. ("Gallagher"), its insurance broker, and Bradley Johnson ("Johnson"), its insurance agent. Plaintiff alleges that it suffered flood damage, the extent of which is still being determined, due to Hurricane Katrina, and that it was underinsured for its loss.

The plaintiff claims that it relied upon defendants for flood insurance advice; defendants knew the value of plaintiff's property but they never told plaintiff of the availability of excess flood insurance; and defendants breached their duty to inform plaintiff of its insufficient flood coverage and to recommend additional coverage.

Subsequently, defendants removed this case to federal court,[1] alleging that diversity jurisdiction exists because Johnson, a Louisiana citizen, was fraudulently joined. Plaintiff filed a motion to remand, which motion is now before this Court.

## DISCUSSION

**A.    Legal standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir.2003)).

The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*.

---

[1]Rec. Doc. 1.

**B.    Improper joinder**

PPSB alleges that it dealt directly with Johnson and obtained flood insurance through him.[2] Benja Fussell, the director of finance for PPSB, attests to the following: (1) she dealt directly with Johnson for flood insurance; (2) she relied on him to provide appropriate advice; (3) Johnson knew the value of PPSB's property; (4) Johnson never told her that flood coverage procured was insufficient; (5) Johnson never advised PPSB to increase its coverage; and (6) Johnson never disclosed the availability of supplemental flood coverage.[3]

PPSB alleges that it has purchased flood insurance through Gallagher for 12 years, with Johnson as their agent for five of those years from 2000-2001. PPSB explains that it purchased flood insurance for only five of its properties, and of the five properties, only one building was covered for the maximum standard flood insurance available. Regarding the other four buildings, PPSB purchased the highest flood limits that were offered to it through the annual renewal notices sent from its insurer, Fidelity National Property Insurance Company. According to PPSB, it believed that it had the highest amount of flood coverage available for the five buildings because it choose the highest coverage offered in the 2005 renewal notices.

Defendants allege that PPSB never requested that Johnson give advice regarding the types of insurance coverage available or the amount of coverages sought,[4] and that the annual renewals of the flood policies for PPSB's five buildings were handled directly by the insurer, Fidelity, which

---

[2] Affidavit of Benja Fussell, Exhibit A to Plaintiff's Memorandum in Support of Motion to Remand (Rec. Doc. 3).

[3] *Id.*

[4] Affidavit of Bradley J. Johnson, at p. 2, ¶ 5, Exhibit A the Defendants' Memorandum in Opposition (Rec. Doc. 7).

sent the renewal notices directly to PPSB and only sent copies of the renewal documents to the defendants.  The defendants further assert that they offered to procure flood coverage in excess of the national flood coverage program for all of PPSB's properties (including the five covered properties) through PPSB's consultant, John Norris, but that PPSB rejected that offer.

Insurance agents "have a duty only to use reasonable diligence in attempting to place the insurance requested." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at* 10 (E.D. La. Jul. 21, 2006) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La.1973)). Louisiana law, however, does not impose a duty on agents to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." *Id*.  Therefore, PPSB's allegations against Johnson which address his failure spontaneously to identify PPSB's insurance needs are without basis.

PPSB does not dispute defendants' allegations that the flood renewals were handled by Fidelity and that Johnson was not involved in the annual renewals, nor that defendants offered to procure flood insurance in excess of the standard limits for all of PPSB's properties, but PPSB declined that offer.  Therefore, there is no reasonable basis to predict that PPSB might be able to recover against Johnson.  Therefore, Johnson was improperly joined, and his presence does not destroy this Court's diversity jurisdiction.

## CONCLUSION

Plaquemines Parish School Board's Motion to Remand is **DENIED.** (Rec. Doc. 3).

New Orleans, Louisiana, this ___18th___ day of April, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

4