UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PLAQUEMINES PARISH SCHOOL BOARD | CIVIL ACTION |
| VERSUS | NO: 06-7663 |
| ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., ET AL | SECTION: "S" (3) |

## ORDER AND REASONS

The motion for summary judgment (Doc. #35) filed by defendant Arthur J. Gallagher Risk Management Services, Inc., is GRANTED.

## BACKGROUND

Plaintiff Plaquemines Parish School Board, which oversees fifty education-related buildings throughout Plaquemines Parish, filed suit against its insurance broker, defendant Arthur J. Gallagher Risk Management Services, Inc., and its agent, defendant Bradley Johnson for damages arising from being underinsured for losses that resulted from Hurricane Katrina.

Plaintiff urges that prior to Hurricane Katrina, it was unsophisticated when it came to insurance matters and hired an insurance consultant, John Norris of Norris Insurance Consultants,

to advise it on wind insurance matters.[1]  Plaintiff claims that for the twelve years prior to Katrina, it relied upon Bradley Johnson of Arthur Gallagher for flood insurance issues.[2]  On February 10, 2005, James Hoyle signed on behalf of plaintiff a "Client Authorization to Bind Coverage" which states verbatim, "Delete Flood coverage - we use flood program."[3]

Arthur Gallagher argues that it breached no fiduciary duty, that plaintiff knew the value of its property and made the conscious decision to underinsure its property and that any claims against it are perempted under La. Rev. Stat. 9:5606.

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[4]  If the moving party meets the initial burden of establishing that there

---

[1] Plaintiff also filed a separate suit against its insurance consultants, Norris Insurance Consultants, Inc. and John Z. Norris, alleging negligence, breach of duty and/or breach of contract because plaintiff did not have adequate insurance for its property, and against its commercial property insurance carriers, alleging breach of contract and bad faith for their failure to pay plaintiff's insurance claim.  *Plaquemines Parish School v. Industrial Risk Ins. Westport Ins. Grp.*, No. 06-7213 (E.D. La.).  This suit was originally filed in state court and was removed.  Plaintiff moved to remand, claiming that Norris defendants, being Louisiana citizens, destroyed diversity jurisdiction.  The court denied the motion, held that the Norris defendants were improperly joined and found that no reasonable basis to predict that the plaintiff would be able to recover against the Norris defendants.  On June 20, 2008, after instructions from the Fifth Circuit, the court dismissed John Norris and Norris Insurance Consultants.

[2] On April 18, 2007, this court denied plaintiff's motion to remand (Doc. #21) and found that Johnson was improperly joined in the suit.  This court noted that plaintiff did not dispute that flood renewals were handled by Fidelity, that Johnson was not involved in the annual renewals, and that defendants offered to procure flood insurance in excess of the standard limits for all of plaintiff's properties and that plaintiff declined that offer.  This court specifically found that there was no reasonable basis that plaintiff might recover against Johnson.

[3] *See* Plaintiff's Opposition to Defendant AJG's Motion for Summary Judgment (Doc. #41), Ex. 8, Client Authorization to Bind Coverage.

[4] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991)); Fed. R. Civ. Proc. 56(c).

is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[5]

**B. No Breach by Arthur Gallagher**

"An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance."[6] To recover losses arising from an agent's failure to obtain insurance coverage, the insured must prove three things:

> 1) an undertaking or agreement by the insurance agent to procure insurance;
>
> 2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and
>
> 3) actions by the agent warranting the client's assumption that the client was properly insured.[7]

An insurance broker has an added fiduciary duty to advise his client with regard to recommended coverage. A broker is the agent of the insured in procuring the policy of insurance, and does not represent the insurer. "A fiduciary relationship has been ... described as one that exists 'when confidence is reposed on one side and there is resulting superiority and influence on the

---

[5] *Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

[6] *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La. 1973).

[7] *Duhon v. Mobil Oil Corp.*, 12 F.3d 55, 57 (5th Cir. 1994)(citing *Karam,* 281 So.2d at 730-31).

other."[8] The duty imposed on a fiduciary embraces the obligation to render a full and fair disclosure to the beneficiary of all facts which materially affect his rights and interests.[9]

Under Louisiana law, a broker can be an agent of an insurer from whom he secures a policy.[10] Whether a broker in any particular transaction acts as the agent of the insured or of the insurer is a question of fact.[11] However, whether Arthur Gallagher owed a lower standard of duty to plaintiff as an agent or owed a higher standard of duty to plaintiff as a broker, defendants are entitled to summary judgment.

Plaintiff is seeking to recover the difference between the flood insurance that it purchased and what it would have recovered had it purchased additional flood coverage. However, plaintiff's actions relative to the procuring of the flood coverages reveal a conscious choice to underinsure, even after being offered additional flood coverage.

On January 12, 2005, and prior to purchasing the flood policy at issue, plaintiff knew that its building and personal property was worth more than $67 million, as is stated in a request for proposal for property and liability insurance quotations which plaintiff issued.[12] Historically, in 1990, plaintiff selected only five buildings for which it purchased flood insurance, leaving the

---

[8] *Plaquemines Parish Com'n Council v. Delta Development Col., Inc.*, 502 So.2d 1034, 1040 (La. 1987)(*quoting Toombs v. Daniels*, 361 N.W.2nd 801, 809 (Minn. 1985)).

[9] *Plaquemines Parish Com'n Council,* 502 So.2d at 1040.

[10] *See Tiner v. Aetna Life Insurance Co.,* 291 So.2d 774, 778 (La. 1974).

[11] *See Tiner,* 291 So.2d at 778 and *Foster v. American Deposit Ins. Co.*, 435 So.2d 571, 573 (La. App. 3rd Cir. 1983).

[12] *See* Plaintiff's Opposition to Defendant AJG's Motion for Summary Judgment, Ex. 5, Request for Proposals and Informal Quotations for Property & Liability Insurance, at 9.

remainder of plaintiff's properties without flood coverage; the policy limits were chosen by plaintiff or its consultant.[13]  While Arthur Gallagher placed the initial flood policy in 1990, plaintiff purchased successive policies through subsequent renewals directly through the insurer, and continued to opt to insure only the same five properties, leaving the remainder of plaintiff's properties without flood coverage.[14]

In 2005, Arthur Gallagher, which also procured wind coverage for plaintiff, offered to plaintiff flood coverage in excess of the amount offered by the federal flood plan.[15]  On February 18, 2005, plaintiff affirmatively indicated its desire to reject the offer by signing a form entitled "Client Authorization to Bind Coverage," directing Arthur Gallagher to "Delete Flood coverage - we use Federal Flood coverage."[16]

Considering the evidence with all reasonable inferences in the light most favorable to plaintiff, the court finds that there are no disputed issues of fact and that defendants are entitled to summary judgment.  Defendant has established that plaintiff knew that its property was worth in excess of $65 million; that plaintiff prepared its own statement of values used in the request for proposal; that plaintiff's Board had not fully insured its property for many years; and that plaintiff

---

[13]*See* Plaintiff's Opposition to Defendant AJG's Motion for Summary Judgment, Ex. 4, Affidavit of N.J. Triche, Para. 4, 5, and 6.

[14]*See* Plaintiff's Opposition to Defendant AJG's Motion for Summary Judgment, Ex. 4, Affidavit of N.J. Triche, Para. 8.

[15]*See* Plaintiff's Opposition to Defendant AJG's Motion for Summary Judgment, Ex. 4, Affidavit of N.J. Triche, Para. 9.

[16]*See* Plaintiff's Opposition to Defendant AJG's Motion for Summary Judgment, Ex. 4, Affidavit of N.J. Triche, Para. 8 and Ex. 8, Client Authorization to Bind Coverage. .

made the conscious choice to underinsure its property for $15 million. Plaintiff has failed to offer evidence to the contrary. This court finds that plaintiff had full knowledge of the value of its property when it decided not to obtain coverage in excess of $15 million, and did not rely on Gallagher in its independent determination to underinsure the property.

Plaintiff presents no basis for a finding that Arthur Gallagher breached a duty to plaintiff. The motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 24th day of July, 2008.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**